### J. L. Thompson et al. v. H. A. Cline.

Decided June 27, 1908.

**Deed—Reservation of Title to Growing Timber—Construction.**

A guardian of an heir sold to one T. a tract of 150 acres of land out of a larger tract of 309 acres, patented to M., expressly reserving to his ward, however, the title to the standing and growing timber on said 150 acres; afterwards, the heir conveyed to one, D., various tracts of land, among them the following, 'Also 309 acres of land patented to M. . . . save and except 150 acres heretofore conveyed to T.;" the deed further conveyed, in addition to the specific tracts mentioned, "all lands that I may own or be entitled to as an heir of C." In a suit by one claiming under the deed to D. for the timber growing on the 150 acres, held, that the deed from the heir to D. did not pass, but expressly reserved to the heir the title to the timber on the 150 acres of land.

Appeal from the District Court of Tyler County. Tried below before Hon. W. B. Powell.

*Mooney & Mann,* for appellants.—A deed conveying a certain tract of land, save and except a certain number of acres heretofore conveyed, describing the excepted property, carries with it all the right, title, inter-

est and claim of the grantor in said tract of land which is not specially reserved in said deed of conveyance, and standing and growing timber is a part of the realty where no time is specified within which to remove same.   Lodwick Lumber Co. v. Taylor, 98 S. W., 238; 2 Rawls' Revision Bouvier's Law Dictionary, p. 105 (45 N. H., 313).

No brief for appellee.

REESE, ASSOCIATE JUSTICE.—This is a suit in the District Court for the standing timber on 150 acres of land, part of the Claiborne Hughes survey of 309 acres.   Appellee Cline, as plaintiff, recovered judgment, in a trial before a jury, and the defendants appeal.

No briefs for appellee are on file.

There is only one assignment of error, which complains of the action of the court in refusing to admit in evidence before the jury the deed from H. A. Cline to M. Dies. By this deed H. A. Cline conveyed to M. Dies various tracts of land, among them the following: "Also 309 acres of land patented to Thos. Magness, assignee of Claiborne Hughes,   .   . . *save and except 150 acres* heretofore conveyed to Robert Toler." The deed further conveys, in addition to the specific tracts mentioned, "all lands that I may own or be entitled to as an heir of W. B. Cline, save and except an undivided interest in and to the S. P. Wilson survey."

The 150 acres of the Hughes survey, the standing timber upon which is the basis of this suit, had been inherited by appellee from W. B. Cline, and had been sold by his guardian to R. J. Toler. With regard to this transaction we copy from the statement in appellants' brief as follows:

"The title to the 150 acres of land in the Claiborne Hughes survey, being a part of the entire survey, was in H. A. Cline on the day and date of the sale by his guardian to R. J. Toler. The standing and growing timber, however, all being reserved by the guardian, and remained in said Cline, no time being specified in said agreement, or subsequent acknowledgment of said reservation, within which said timber was to be removed.

"On the 4th day of September, 1895, H. A. Cline conveyed to M. Dies, for the sum of $5,000, part cash and part in notes, various tracts of land, among which he conveys the following: 'Also 309 acres of land patented to Thos. Magness, assignee of Claiborne Hughes, situated in Tyler County, about two miles west from Hollister, save and except 150 acres heretofore conveyed to Robert Toler. For a more particular description of said land reference is had to a deed from Thos. Magness, by sheriff, to W. B. Cline, recorded in book 1, pages 743 and 744, of the deed records of Tyler County, which is made a part hereof.' And concluded said deed with the following clause: 'And additional to the above described tracts of land, this deed is intended to carry all lands that I may own or be entitled to as an heir-at-law of W. B. Cline, save and except an undivided interest in and to the S. P. Wilson survey.' This deed was offered in evidence by the defendants and plaintiff objected to same. Whereupon the court sustained said objection and declined to permit said deed to be read in evidence before the jury, whereupon the defendants then and there in open court excepted to said ruling."

It is the contention of appellants that the reservation of the timber on the 150 acres, with no limitation of the time within which it was to be removed, left in H. A. Cline an interest in the land which passed to M. Dies by the terms of the deed referred to, and thence to appellants. If it be true that, by reserving the timber, Cline reserved also such interest in the land as was necessary for the support and continued growth of the standing timber until such time as it was taken off, such interest in the 150 acres did not pass to M. Dies by the deed, which expressly excluded the 150 acres from the conveyance. Neither can the standing timber on the 150 acres be held to have passed to Dies by the terms of conveyance of "all lands that I may own as an heir of W. B. Cline," granting that appellee had a qualified interest in the 150 acres for the support and growth of the timber until it was taken off. The deed referred to could not affect the question of the right of appellee to the standing timber on the 150 acres, and was properly excluded.

No other errors are assigned. The judgment is affirmed.

*Affirmed.*